**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4351

CARLOS MANUEL FERNANDEZ-ROQUE,
a/k/a Carlos Marecelia Rodriguez,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-95-43)

Submitted: January 31, 1997

Decided: February 14, 1997

Before HALL, MURNAGHAN, and ERVIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rion Brady, Archdale, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Carlos Fernandez-Roque pled guilty to possession with the intent to distribute cocaine;[1] however, he appeals the district court's order denying his motion to suppress the cocaine found in a BMW in his possession at a Red Roof Inn in Greensboro, North Carolina. Fernandez-Roque contends that his Fourth Amendment rights were violated when a police officer answered the phone in his motel room during a consensual search conducted prior to the search of the BMW. After a complete review of the district court's decision to deny Fernandez-Roque's motion to suppress,[2] we find no reversible error and affirm the district court's order.

The Fourth Amendment prohibition against unreasonable searches protects only those areas in which a person has a legitimate expectation of privacy.[3] While a participant in a conversation has legitimate expectations of privacy concerning telephonic transmissions,[4] Fernandez-Roque did not have a reasonable expectation of privacy in this phone call because the only participants in the telephone conversation were the police officer and the caller.[5] Fernandez-Roque cannot claim an expectation of privacy in the words uttered by another because Fourth Amendment rights are personal and may not be vicariously asserted.[6] Therefore, the Fourth Amendment was not violated by a police officer, who was lawfully in the motel room, answering the phone and taking the message, "This is Jorge; tell him I'm on the way."[7]

---

[1] 21 U.S.C. § 841(a)(1) (1994).

[2] United States v. Han, 74 F.3d 537, 540 (4th Cir.), cert. denied, 64 U.S.L.W. 3807 (U.S. June 3, 1996) (No. 95-8891).

[3] United States v. Jacobsen, 466 U.S. 109, 113 (1984).
[4] Katz v. United States, 389 U.S. 347, 352 (1967).
[5] See Rawlings v. Kentucky, 448 U.S. 98, 104-06 (1980).

[6] Rakas v. Illinois, 439 U.S. 128, 133-34 (1978).
[7] United States v. Passarella, 788 F.2d 377, 379-80 (6th Cir. 1986); United States v. Fuller, 441 F.2d 755, 760 (4th Cir. 1971).

2

Accordingly, we find that the search and seizure of the cocaine in this matter was lawful and in accordance with the Constitution. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED